```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

BYRON ROBINSON, 01-B-2312,

        Petitioner,

        -v-                                    05-CV-0526(MAT)
                                                      **ORDER**

Superintendent of
Wende Correctional Facility,

        Respondent.

## I. Introduction

*Pro se* petitioner Byron Robinson ("Petitioner" or "Robinson") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction in Erie County Court of Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law ("P.L.") § 265.02[1]). For the reasons set forth below, Robinson's petition is granted.

## II. Factual Background and Procedural History

Petitioner's conviction stems from an incident that occurred in the early morning hours of October 18, 2000, wherein petitioner fired several shots at two uniformed Buffalo Police Officers who attempted to pull him over for driving erratically and leading them on a high speed chase through the City of Buffalo. Petitioner used what appeared to be an assault rifle wrapped in an article of clothing. Trial Tr. 219-99.

Following a jury trial before Judge Sheila DiTullio, petitioner was found guilty of two counts of attempted murder in

the first degree, criminal possession of a weapon in the third degree, and two counts of reckless endangerment in the first degree. Because Robinson had previously been convicted of at least two prior felonies, he was subject to New York State's Persistent Felony Offender Law, N.Y. Penal L. § 70.10, which provides for enhanced sentencing of a convicted felon who has at least two prior felony convictions, and where, in the opinion of the sentencing judge, extended incarceration would "serve the public interest." According to Felony Offender statute, in making the determination as to whether or not an enhanced sentence is warranted, the sentencing judge is required to consider the defendant's history and character, and the nature and circumstances of his criminal conduct. N.Y. Penal L. § 70.10(2). Facts regarding the defendant's criminal conduct and history and character need only be proved by a preponderance of the evidence, and the rules of evidence do not apply to judge's fact-finding. N.Y. Crim. Proc. L. § 400.20(6)-(7).

In sentencing the petitioner, Judge DiTullio adjudicated Robinson to be a persistent felony offender, and imposed an enhanced sentence. See Sentencing Mins. 7-8; P.L. § 70.10; N.Y. Crim. Proc. Law ("C.P.L.") § 400.20. Robinson was sentenced to concurrent, indeterminate terms of imprisonment of twenty-five years to life for three of the five offenses for which he was convicted. Robinson was sentenced to consecutive terms of

imprisonment of twenty-five years to life for the two attempted murder convictions. Sentencing Mins. 10-11.

Through counsel, petitioner appealed the judgment of conviction to the Appellate Division, Fourth Department. See Respondent's Exhibits ("Ex.") B. The convictions for attempted murder and reckless endangerment were reversed on grounds that because the charges arose out of the same conduct, Robinson could not be convicted of both crimes. People v. Robinson, 8 A.D.3d 1028, 1030 (4th Dept. 2004). As a result of the reversal of the murder and reckless endangerment convictions, the court ordered a a new trial on those charges. Id. The court, however, affirmed Robinson's conviction for criminal possession of a weapon, and it is this conviction alone, (and the sentencing related thereto) which forms the basis of the instant petition.

Petitioner was granted leave to appeal the Appellate Division's decision affirming his conviction for criminal possession of a weapon to the New York Court of Appeals. Petitioner argued that his sentence as a persistent felony offender was unconstitutional because the statutory procedure by which he was sentenced ran afoul of the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000)[1]. See P.L. § 70.10; C.P.L. § 400.20. The Court of Appeals rejected petitioner's argument, and affirmed the order of

---

[1] In Apprendi, the Supreme Court held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond reasonable doubt. 530 U.S. at 490.

the Appellate Division. People v. Daniels, 5 N.Y.3d 738 (2005) (companion case). As a result, Robinson's conviction on the charge of criminal possession of a weapon became final on September 14, 2005, the day on which the time to file a petition for a writ of certiorari with the Supreme Court of the United States expired.

On July 28, 2005, Robinson timely filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on the sole ground that his sentencing under New York's persistent felony offender statute violated his right to a jury trial under the Sixth and Fourteenth Amendments to the United States Constitution. (Dkt. #1).

**III. Discussion**

At the time Robinson's conviction became final, the clearly established federal law interpreting Apprendi, and more specifically, the issue of what factors could be recognized under the United States Constitution when determining the sentence of a criminal convicted in state court, was the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). In Blakely, the Supreme Court held that any law which allowed a judge to sentence a defendant to a term of incarceration that exceeded the applicable statutory maximum based on facts that were not established by a jury under a "beyond a reasonable doubt" standard was unconstitutional. Blakely, 542 U.S. at 301-302. Applying the Court's reasoning in Blakely, the Second Circuit Court of Appeals

recently held that New York State's persistent felony offender law, which allows a judge to impose an enhanced sentence based on factual findings made by the judge pursuant to a preponderance of the evidence standard, is unconstitutional. Besser v. Walsh, —F.3d —, 2010 WL 1223194 (2d Cir. March 31, 2010). Accordingly, the court held that any enhanced sentence imposed or affirmed on appeal pursuant to New York Penal Law § 70.10(2) which required a judge to make a factual determination based on a preponderance of the evidence standard, that was imposed after Blakely was decided violates the Sixth and Fourteenth Amendments of the United States Constitution. Besser 2010 WL at *1 ("We hold that the Sixth Amendment right to a jury trial, applicable to the states as incorporated by the Fourteenth Amendment, prohibits the type of judicial fact-finding resulting in enhanced sentences under New York's PFO statute. We also hold that this prohibition was not clearly established until Blakely v. Washington....")

In the instant case, there is no dispute that Robinson was sentenced to an enhanced sentence as a persistent felony offender pursuant to New York Penal Law Section 70.20; that the judge imposing the sentence did so after making findings of fact based on a preponderance of the evidence standard, and that Robinson's conviction and sentence became final in 2005, well after Blakely was decided in 2004. Accordingly, pursuant to Besser, the enhanced sentence imposed on Robinson is unconstitutional as an unreasonable

application of clearly established law under the Sixth and Fourteenth Amendments to the United States Constitution. Because the sentencing proceedings were unconstitutional, Robinson's petition for a writ of habeas corpus is granted, and the sentencing court is directed to vacate his sentence and to resentence him in proceedings consistent with the Second Circuit Court of Appeal's decision in <u>Besser</u>. If respondent files a notice of appeal, the relief granted herein is stayed pending the outcome of that appeal.

**IV. Conclusion**

For the foregoing reasons, Robinson's petition is granted.

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   April 16, 2010
         Rochester, New York